The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning. The 1st case this morning is number 4-25-0477. The State of Jordan versus Janet Jordan. Council, let's 1st have appearances for the plaintiff or excuse me for the, uh, the appellant. Patrick Anderson. Thank you. And for the appellate. Good morning, John Fleming for defendant appellee Janet Jordan. All right. Thank you. Mr. Anderson. You may proceed with your argument. Thank you, your honor may please court your honor council. I represent the estate of Julian Jordan. We are asking this court to reverse the decision of the trial court, which granted defendants section 2-619 motion to dismiss on statute of limitations ground. The issue in the appeal is whether plaintiff proposed 3rd amended complaint, which changed only the administrator of a deceased child's estate relates back to plaintiff's timely filed original complaint. If it does relate back dismissal was not appropriate and this court should reverse on that issue. Our support, our Supreme Court has made clear that the only requirements for application of relation back are 1 that the initial complaint was timely filed. There is no dispute that the initial complaint was filed within the statute of limitations here and the 2nd requirement is that the amended pleading grew out of the same transaction or occurrence as set up in the initial pleading. Council, how can we rule on the 3rd amended complaint when the trial court never ruled upon it? Well, is that properly before us? I, I believe that the trial court did rule upon it. The defendant's argument that they didn't make a ruling is contradicted by the order that this case is appealed from, which state this cause. Comes before the court for hearing on the section 2-619 motion to dismiss filed by defendant and the motion for leave to file a 3rd amended complaint filed by the plaintiff. The body of the order also states plaintiff's motion for leave to file. The 3rd amended complaint is also subject to this hearing. The other important thing to note is that dismissal was granted with prejudice, which necessarily means plaintiff was denied leave to amend. There are numerous cases explaining that a dismissal with prejudice means that the plaintiff is not allowed to amend. So the court did rule that we didn't get to amend by finding the dismissal with what was with prejudice. Moreover, the plaintiff's motion for leave to file an amended complaint was filed in response to defendant's 2-619 motion to dismiss based on the statute of limitations grounds. Because Amber Jordan was not properly appointed special administrator before the statute ran. So the issue is never appointed. Isn't that correct? That's absolutely correct. Yes. The and so the issue is is before the court. It was decided by the trial court. It was contemplated. It was fully argued by the parties. The parties argued the relation back issue and the court decided against against the plaintiff. Mr. Anderson, when you're talking about relation back, you want to relate back to the original complaint. That's correct. But that original complaint. Alleged falsely that there was an estate and that somebody had been appointed. I mean, how I mean. How do you relate back to that, which shouldn't have even existed? Sure, 1st of all, there are a number of cases, numerous, numerous cases, 10 plus that plaintiff cited in her in the opening brief, which indicates that the. When an administrator is not appointed within the statute of limitations period, or the initial appointment is defective and those cases, they all relate back and I'll get into those cases and original appointments, not defective. It didn't exist. It was a false pleading. Well, that is, is that right? Is it a false pleading in the sense that the person is saying, I'm the administrator of an estate when no estate has been opened and they haven't been appointed. I don't know that it was knowingly false, but it was not correct. You are. You're absolutely true. Your honor knowingly false, you know, whether you've opened in whether you're the administrator of an estate. Sure, your honor. But the point is that the case law and the statutory language say that that that is is not relevant that that that initial filing is still relevant to the relation back analysis that a pleading that later cures the earlier defect. By way of failing to appoint an administrator. Is cured by the later filing and that Turing relates back now specifically in the case of in the estate of Mankowski 2014 elapsed 2nd 140154 a widow filed suit on behalf of her deceased husband, but she had not been named administrator of the. Estate she was not appointed administrator of the estate until after the statute of limitations. The defendant argued that the initial complaint was improperly filed and void and a nullity and that there was nothing for. The amended complaint to relate back to the court rejected the argument, the court stated that, although the plaintiff in her individual capacity could not maintain a wrongful death suit. It was not subject to dismissal the trial courts appointment of plaintiff as special administrator cured this procedural defect and so under Mankowski plaintiffs the appointment of. The child's biological father, Mr gibbs cured the procedural defect that existed by way of the failure to appoint an administrator before the statute of limitations runs. You have cited particularly that 1. The wrongful death suit is filed. Correct did that widow say. I'm the administrator of the estate. I believe that's correct. Yes, the same thing happened in Pavlov in Pavlov the Conwell plaintiff was not properly appointed special administrator of the estate before the statute of limitations filed a complaint saying that he was a point. But the appointment was defective and the court in Pavlov found that the plaintiff was not properly named administrator. That fact was a technical consideration that should not prevent the cause from being decided on its merits in the furtherance of justice, and so the point is that the plaintiff didn't have capacity to sue at the time because she had not been properly appointed special administrator. The same argument was addressed in the state of client case. In that case, a husband filed suit on behalf of his deceased wife's estate within the statute of limitations, but he had not been appointed administrator of the estate. Someone else had been appointed administrator of the estate. The case distinguishable because there was already an administrator appointed. There wasn't a state. Right, but the person that filed suit had the same capacity to sue as Amber did in this case. None, and that's exactly what the court found when the defendant tried to distinguish the case from Pavlov and Mankowski because the defendant said, hey, the identity of the person didn't change in those cases. But here you're changing it to an entirely different plaintiff and the member have a lawyer. Did Amber Jordan have a lawyer when the wrongful death suit was filed? Yes, your honor. Well, how is it that a lawyer? Can claim that there's an estate open and that the client is the administrator of an estate when it doesn't exist? Well, the point is that that is the capacity and the point is that the notice was given to the defendant of the claim. The point is that all of the substantive allegations were given to the defendant within the statutory period. In order to prevent relation back, defendant has to show prejudice. They have to show that the amendment hindered their ability to defend the case on the merits there. But the original case was a premise liability and then a willful wanton wrongful death was never brought up until the third amended complaint. Your honor, the wrongful death act was not cited until the third amended complaint. However, the facts giving rise to a wrongful death claim were always in the complaint. The facts were always that the negligence of Janet Jordan was a causative factor in Julian's death. That was always the case. It was always in the complaint that the case was being brought for the benefit of the estate. It was always being claimed for the benefit of the estate. And so the facts that give rise to a wrongful death claim have always been pleaded. The fact that the actual statutory, the citation to the wrongful death act didn't appear until a later complaint. Does not mean that all of the facts that give rise to that claim were not in defendant's possession. And that's the relevant issue for relation back is prejudice. That's what all of these cases say where the defendant cannot show that their ability to defend the case has been hindered or changed. Then the relation back applies. And in all of these cases where the defendant is found to have not been able to meet that burden. The reason, one of the primary reasons that the courts find a relation back is that because the allegations in the initial pleading and the proposed amendment are identical. Mr. Anderson, may I ask you a question? Yes. Appley states in the brief that this is a nullity, the original filing that it was void. And in the cases that you've cited, some of them, the defendants argued that the original filing was void or a nullity. Can you explain the difference between a void filing and a defective filing? I hear you arguing here that this was a defective filing. How did the two vary? I don't necessarily think they do. I think the nullity argument has been rejected. And the courts in rejecting those arguments have used nullity, have used void. Those are the arguments defendants have advanced. They have said, you know, the initial complete pleading is defective. The initial pleading is void. The initial pleading is a nullity. But no matter how it's phrased, the courts always reject that argument. Let me ask you this, because I think I do see a difference between the two. A nullity is something that doesn't exist. Something that's void isn't there. Something was filed. Something was filed with the circuit clerk and a filing fee was paid, correct? Correct. So there's something that exists. And then the question is whether or not it was a defective filing. And if it was a defective filing, is it subject to amendment? And then that brings us to the relation back doctrine, correct? Yes. Yes, Your Honor. Someone just filed a pleading that contained nothing more than a caption. Nothing more. No allegations. It's just a caption and signed and was accompanied by a filing fee. Most certainly that's a filing, right?   Is it a pleading then that could be amended after the statute of limitation had run such that it would be considered to have allowed the relation back doctrine to operate? Well, I think that goes to the second part of the analysis. I started the argument by saying that there are two requirements for relation back. The first is that the initial complaint be timely filed. I think in your scenario, you'd say, okay, there was something timely filed. There was a fee I paid. But then you have to look at the second part of the analysis, which is whether the amended pleading grows from the same transaction or occurrence set up by the original pleading. In your scenario, there's no transaction or occurrence set up by the original pleading because it's just a caption. So in that... It couldn't possibly relate back. In that scenario, it couldn't possibly relate back. But I want to point out that whether you call it a nullity and the cases specifically address the argument that the initial filing was a nullity. And in all of those cases, there was an initial filing. There was no dispute that there was something filed. It was just that the plaintiff in those cases didn't have the capacity to do it. And so the defendants in those cases all argued it's a nullity. I'm talking about Klein, Mankowski, Santiago, Palm, Marcus, Pavlov. Those all said that even if you call the first pleading a nullity, it relates back. And I also want to point out that even if you refer to it as a defect in the pleading, the plain language of section 2616B allows relation back, quote, even though the original pleading was defective in that it failed to allege some matter, which is a necessary condition precedent to the right of recovery or defense asserted if the condition precedent is later satisfied. So if you call it a nullity, that argument was addressed by Klein, Mankowski, that line of cases. If you call it a defective pleading because she wasn't appointed, it is covered by the plain language of 616B, which says it relates back if it's later cured. And so here we cured the amendment. Mr. Gibbs was appointed. And the other thing is that whether or not she had an attorney should not be held against the client. The client is entitled, the estate is entitled to have the case decided on the merits. And that's what the public policy of this state favors. That's what the liberal application of relation back supports. And same for amendment of pleadings. And here. Mr. Anderson, can I ask you, who do you represent in this lawsuit? The estate. The estate of. So the estate can be a party to a lawsuit. I'm sorry? The estate can be a party to a lawsuit. That's your representation. And we represent Mr. Gibbs as administrator of that estate. And how about the underlying lawsuit? Did you represent Amber? Yes, until she died. So, as to the prejudice point, the other thing to point out is that, again, Amber died. The mother who was appointed administrator died. And so regardless of how this went down, even if she had been appointed properly at the beginning, a new administrator would have to be substituted when she died anyway. And so the defendants in the same position. How can someone be substituted when there was never an estate to substitute into? That's exactly what these court, these cases say. We cited a half a dozen cases where the exact same thing happened. There was no appointment. There was no one appointed before the statute of limitations, specifically Mankowski with the widow. There are numerous cases that are directly on this issue and say that the case, that the amendment relates back. So even if there was no administrator appointed within the statutory period, even if one was appointed and the appointment was defective, the cases all say that the amended pleading relates back. And so there's not a single case that holds the opposite. And so all of these cases cited in plaintiff's brief support relation back in this case. Mr. Anderson, Mr. Fleming says that the case we should affirm not only on the basis that the trial court dismissed, but also on the basis of the 2615 motion. Can you address that briefly? Yes, your honor. The court shouldn't consider these issues. This is a court of review, not first view. And first of all, where a matter is raised, but not ruled on by the trial court, nothing is being presented for review. There's nothing for you to review with respect to the 2615 motion. Well, we can affirm on any basis that's supported by the record. So there is support for the argument. You're correct, your honor. And in this particular case, it would be particularly inequitable to affirm on a couple of the bases that defendants raised in particular, the duty to prevent a suicide and the proximate cause issue, because defendant didn't even raise those issues below. Plaintiff didn't even have a chance to litigate those issues before the trial court. Defendant did file a 2615 motion, but the only issues raised in that motion were one, that plaintiff's allegations were conclusory and not specific enough. And two, that the willful and wanton count failed to allege the heightened knowledge required. Defendant didn't raise proximate cause, intervening cause. They didn't raise duty to prevent a suicide. And with respect to the merits of that argument, we can't presume that he committed suicide. Those arguments are dependent on a finding that this child committed suicide. That's not in this record. It's not an inference that can be made from the record. And it certainly can't be made from the record if you're interpreting the pleadings in the light most favorable to the plaintiff, which is what must be done at the motion to dismiss stage. And so even if you consider those arguments, they shouldn't be a basis to affirm. They are all distinguishable. And I can get into them on the merits a little more, but your honest question was whether you should consider those arguments. And they are not a basis to affirm. Certainly the arguments that defendants raised in the trial court are not a basis to affirm. And it would be, at the very least, inequitable to affirm on the basis defendants did not even argue. Moreover, those are fact-intensive inquiries. As I indicated, there's been no discovery, there's been no indication and no finding that this child committed suicide. The accidental discharge of a firearm is certainly another reasonable inference, at least from the pleadings as they are now. Same with proximate cause. So it would be unfair to affirm on those bases, particularly because defendant didn't raise the issue, the trial court didn't decide the issue, and the issues need further development factually through discovery. And so those arguments should not be addressed and certainly shouldn't be the reason that this court appeals. I will say that the fact that defendant argued so vehemently for those other bases, I think is telling of the weakness of their argument on the relation back doctrine. All of the cases that plaintiffs cite support relation back in this case. And so to affirm on other bases would be inequitable, unfair, and improper on the merits. Because as we discussed in the briefs, those cases are all distinguishable. They are not a basis to affirm even if you did consider them. And so I understand, I know I'm running short on my time. Unless your honors have additional questions, I will wrap it up. But for all of the reasons set forth in all of the briefing, the reasons we've discussed today, this court should reverse the decision of the trial court. The amended complaint relates back. Defendant cannot prove any prejudice or any hindrance to their defense. So we ask this court to reverse. Thank you. All right. Thank you, Mr. Anderson. You'll have time in rebuttal. Mr. Fleming. Thank you. Good morning, your honors and counsel. First of all, as a threshold question, I really ask, who am I arguing against? I believe this Jared Gibbs had an appointment after the statute of limitations ran. I believe this Jared Gibbs never got his motion for substitute, which he filed ruled on by the trial court. And so frankly, I think that's the threshold question. Is there even a viability for this Jared Gibbs? Jared Gibbs as administrator of a state to proceed forward. That's a threshold question. I've raised it in the brief as well. On behalf of Janet Jordan, we submit to your honors here. The question is, is this trial court's ruling dismissing the second amendment complaint? Good dismissal. And we submit that it absolutely is both under 619, 2-619 and under 2-615. As Judge Harris has pointed out, this appellate court can make his decision on anything supported by the record. And you look and deem what's supported by the record. We submit that without doubt, the second amendment complaint dismissal. With prejudice is 100% supported by the record. Now, what the plaintiff, for purposes of remainder of my argument, I will assume the plaintiff is this Jared Gibbs appointed in the probate court as an administrator of a state. Their arguments of A, should there be a third amendment complaint filed and should there be relation back. Again, I don't want to overburden the forfeiture issue. Learned judges will look at that and make that decision. I think that that clearly was not ruled on by the trial court. But on this motion to leave to file third party complaint and whether that relates back or not, there are a number of cases on it and they all seem very fact specific. There's one thing that I absolutely want to point out that I think is the importance for the appellee in this case, the importance for Janet Jordan in this case. The original complaint filed against her by her daughter, Amber. Obviously, she falsely stated she was an administrator. But that complaint, we're saying that that is a nullity. It doesn't state any cause of action. It doesn't state any citation or plea under the Wrongful Death Act. Could I interrupt you there just for a moment? Suppose that the statute of limitation hadn't run and you were bringing this to the attention of the trial court. Could that complaint have been amended? Well, I guess I would ask this. The court would need a substitution. The court would either order in the civil case, as your honor knows, it can be done in civil or in probate. In the civil case, would she be appointed before the statute of limitations expired or was an appointment in probate before the statute of limitations expired and then someone sought substitution? So that's how that would be answered, your honor. My question is more basic. Prior to the statute of limitations running in the scenario that we've described, would the plaintiff have the opportunity to correct the defect? Or if this is truly a nullity, that complaint just doesn't exist. There is no complaint. Well, and that's why I think, don't you think, and I do, that it's crucial that there be an appointment. This is what makes it a nullity. Then there couldn't be if there was no such appointment. That's my answer to your question. I will say this, and I'll candor. If there's a proper appointment before the statute of limitations and that properly appointed special administrator or administrator seeks leave to file a wrongful death action and gets leave to file a wrongful death action before the two-year statute, well, sure. A wrongful death action can be filed by the proper person prior to the two-year statute. Yes, your honor. Is your position that any appointment of a representative following the expiration of the statute of limitations is invalid? The plaintiff would be incapable of being substituted in after the running of the statute? I absolutely say that in the facts in this case. Frankly, based on the complaints such as they are, a complaint, first amount of complaint, a second amount of complaint, the complaint such as they are that are filed before or within, whatever you call them, within the statute of limitations. Here is, if I may, what I want to emphasize about why there should be no relation back in this case, if you get to that point. The original, quote, complaint, close quote, in this case was Amber, falsely claiming she's an administrator, but Amber files it and Amber says plaintiff is injured and that's it. What, in Ray's state of Mankowski, it's one of the cases both cited by the Appellee and cited by the Appellant along with their Kleine case and Pavlov case. Mankowski points out this, this is why they would allow, this is the unique circumstances where they would allow relation back. And that is where the underlying cause of action is the same. The defendant, in this case, Appellee, is on notice of the class of the beneficiaries who would recover, who are the plaintiffs, who are the damages being sought. And in this case, it is not a simple defect of everything is properly pled in the original complaint and it's just a little technical appointment. In this case, the original complaint, along with the first amendment, along with the second amendment, nobody seeks damages for beneficiaries of an estate. No one seeks damages under the Wrongful Death Act. No one seeks damages for beneficiaries of the family next of kin under the Wrongful Death Act. And that is why, if you get to it, there is no proper relation back. The, I think that's, I think that's the key. Can everyone still hear me? It says my connection is unstable. Are we good? If you're in and out a little bit. Let me, let me proceed forward with my, I want to talk a little bit more about amendment. Amendment, of course, Jared Gibbs, such as he is, even though I don't think that, well, there is no trial court ruling on this, seeks an amendment, but the factors, the standards under amendment are these. Trial court has discretion to determine whether the amendment would be proper or not. A huge factor is would the amendment cure the defect? And of course, you can, you have a record, as did the trial court. You can look at and compare this proposed third amendment complaint to all the prior complaint, first amendment and second amendment, and Illinois is a fact pleading state. I practice in the trial courts and practice in the appellate courts. Illinois is a fact pleading state. The 2615 challenge, we did file a motion to dismiss the original complaint, granted. We filed a motion to dismiss the first amendment complaint. Plaintiff, I don't want to say conceded it, but abandoned the first amendment complaint by seeking leave to file a second amendment. We filed a motion to dismiss the second amendment. It does not state a cause of action. Plaintiff does not plead the proximate cause between allegedly leaving a firearm in a certain position and what caused the death. There's no proximate causation pled anywhere in any of the four proposed complaints. And that's why amendment would properly be denied. This third amendment complaint does not cure that defect. A third factor under proposed amendment, did the plaintiff, the person seeking the amendment, have ample time, have opportunity and time to file this before? Jared Gibbs, the putative father, let's suppose he was as he pleads, had plenty of time within the two-year statute of limitations to go get himself an appointment in the probate court or file a cause of action on the wrongful death act. He did neither. I'm not going to put myself in a position of defending the pleadings as they existed in the first complaint. Who knows? And we're not, I suppose, tasked to answer that question why there wasn't a proper appointment. However, it wasn't pointed out by way of a defense filing prior to the statute of limitations, correct? You mean on 2615? No, I'm sorry. As to the fact that Amber Jordan was never appointed representative of the estate, that fact, that claim, that assertion, was not made by the defense prior to the statute of limitations running? Correct. That's correct. And, I mean, should I take a counsel, an officer of the court at their word that there wasn't an appointment of an administrator, Justice Kinect points out accurately. That was false in the original complaint. I take them as an officer of the court, as would judges, that she was appointed minister. But also, during the two-year statute of limitations, Judge, the trial court judge could have made a special representative appointment under the wrongful death act. And that's not for me to move for that, for or against. But you are correct. I technically did not make that challenge within the two-year statute. Well, and I ask this just simply. You started down the path of talking about the 2615 defects, the failure to plead approximate cause. Has the substance, the 2615 motion been addressed by the trial court to this point? Well, I suppose we could say this. Yes, on the original complaint, they granted a motion. He granted a motion to dismiss the original complaint. My only challenge was 2615. That was dismissed. But then they filed their First Amendment. Then they abandoned. They filed their Second Amendment. And the trial court did not make a 2615 ruling or finding on the Second Amendment complaint. The 2619 dismissal was with prejudice. And so if we were to agree with you that the trial court's judgment should be affirmed, but on the basis that the complaint was defective pursuant to 2615, that would also be with prejudice. And plaintiff would not be allowed an opportunity, obviously, then to replay, correct? That would be correct. Then you get to the question, did he seek and get a ruling on his request? I want this Third Amendment complaint to be filed.  We do. By he, I mean, Gerald Gibbs. And I think that's a very important distinction. And I want to emphasize this. The number of cases that plaintiff cites about, I don't want to say, okay, they relax the rules and say, we'll let it relate back. Under those circumstances, it is only when it's a little bit of a technicality. And the courts say, we're only correcting, we're not correcting anything in the complaint of the defectiveness of the complaint, the pleading and wrongful death action, the plaintiff seeking the damages, the cause of action. We're just curing a technical defect of appointment of a person. But second, the, when we talk about the, those cases, the plaintiff, several causes of action on file. So they had a viable cause of action when they filed their case, which would be that that was one of the basis for the client of the decision as they said, you know, if there is a properly and timely filed valid original complaint to relate back to, okay. And it is our position strongly supported by law that that does not exist here. There is no cause of action. I was, I think you cut to the point, Judge Justice Harris, when you said, so what if plaintiff files a caption and then doesn't put anything under it? Well, that's almost what was done here. I suppose you could say it this way. What if plaintiff files a caption and they have two allegations? One, I was damaged, plaintiff was damaged too, you owe me the money. I mean, can you relate back to such a bare bones, non-fact complaint in Illinois? I suggest no. We suggest no on behalf of Janet Jordan. And we also suggest that there is, that is what Amber did here, is filed some type of a vendetta complaint, said plaintiff's injured, therefore pay us the money. So those are, interestingly, the 2615 and the two, the dismissal with prejudice are tied in that way. So your honors, I will leave it at that. We pray this, that you affirm the dismissal of the second amendment complaint and that you find either because of forfeiture or because of Jared Gibbs never was an entity prior to the two-year statute of limitations or because amendment under the factors of amendment, the no leave to amend, which I don't think the court technically ruled on was proper, and there's no relation back under any of those grounds. We respectfully request you affirm Judge Bauer at the trial court. Thank you, your honors. All right. Thank you, Mr. Fleming. Mr. Anderson, rebuttal argument. You're muted. Thank you, your honor. I apologize. First, with respect to the argument that there was no ruling on the motion to substitute, again, and that I guess it's essentially arguing that Mr. Gibbs doesn't have standing, I guess, is essentially the tone of the argument. But the point is that he tried to substitute. Defendants, we tried to file the motion for leave. The case was dismissed with prejudice instead on statute of limitations grounds. I also want to point out, or I also want to address the issue of the attorney's failure to comply with the procedural requirements. That exact same thing happened in the Wolf case that was cited in plaintiff's brief. The plaintiff's original complaint, he falsely alleged he had been appointed special administrator, but he wasn't. He was later appointed administrator after the statute of limitations ran. The court found that it related back. Another case, Santiago, the plaintiff filed in a false name without leave of court, and that did not preclude relation back. In Marcus, the actual plaintiff was dead eight months before the complaint was filed, and the attorney still filed it in the dead guy's name, and the court still found that curing that procedural defect later related back. So in a number of the cases cited by plaintiff, there was no appointment at all before the statute of limitations ran, just like in this case that happened in Mankowski. It happened in Pavlov. In Boatman's, it was a father that filed on behalf of his daughter, but he didn't know that the daughter was married, and so his appointment was defective, and his complaint was a nullity. And so these cases show, first of all, that appointment after the statute of limitations runs back, and second of all, the failure of an attorney to comply with a procedural requirement does not preclude application of relation back. Mr. Anderson, though, when Amber died, I mean, what happened? Let's say Amber did not have a valid claim, so when she died, didn't the case end? No, because the beneficial plaintiff is the estate. The beneficial plaintiff is the estate. They are the ones with the right to recovery, and whether the estate consists of one person or multiple people, obviously, before he was named, Mr. Gibbs had a right to recover as an heir to the estate. He was Julian's dad, and so even before he was tried to substitute, he had the right of recovery. The beneficial plaintiff has always been the estate, and I do want to- Can an estate be a party to a lawsuit? I mean, it can be through a representative, and it can be- Through a representative, and if there was no proper representative, how is there a proper lawsuit? Because section 616B states that if the initial pleading was defective, relation back still applies if the defect is later cured. The defect here was the failure to properly appoint a special administrator, and that was cured by properly appointing a special administrator. The cases show, Klein, Boatmans, they show that it doesn't matter if the identity of the administrator changes. This case has always been for the benefit of the estate of Julian Jordan. The defendant just brought up the argument that the initial complaint, they indicated that it did not seek damages for the estate, but even if that were true, it wouldn't preclude application of relation back because that was the same in the Redmond case, and who the plaintiff filed initially in her individual capacity, and changing the capacity to a representative one was found to relate back. But regardless, the initial complaint sought damages for, quote, the estate of Julian Jordan. The initial complaint named Amber as- It does not say that in the prayer for relief. It does not seek damages for the estate. It says appraise for a judgment. Yeah, on behalf for the estate of Julian Jordan. There's- That did not exist. Correct, but that defect was cured later, and consistent with all of the cases the plaintiff cited where the exact same thing happened, relation back applies. In Boatman's, the court, the appellate court said, no, relation back doesn't apply. You should have substituted the proper administrator beforehand. The appointment of administrator, the corporate administrator after the statute of limitations doesn't relate back. We're taking away a plaintiff's verdict. The Illinois Supreme Court reversed the appellate court and said, in that circumstance, even though the plaintiff's father had no capacity to sue at the time he sued, the amended completing cured the procedural defect and related back. And so for all the reasons that I've cited in our briefs, and particularly because all of the substantive allegations are the same, the defendant cannot prove their ability to defend the case has been hindered. And so I know I'm out of time. I will ask the court to reverse the order of the trial court, dismissing the case and remand the case for further proceedings. Thank you, your honors. All right. Thank you, counsel. Thank you both. The case will be taken under advisement and the court will issue a written decision.